# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DA'VAN E. EVANS,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:13-cv-1575-APG-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss.

**I. Procedural History**

On September 28, 2006, the grand jury returned a true bill against petitioner, and the following day the State filed an indictment charging petitioner with ten felonies. (Exhibits 1 & 2). On February 5, 2007, petitioner pled guilty to one count of first degree kidnapping with the use of a deadly weapon (Count I) and one count of robbery with the use of a deadly weapon (Count II). (Exhibits 3, 4, 5). On April 20, 2007, a judgment of conviction was entered, by which petitioner was sentenced as follows: On Count I, 60-180 months imprisonment plus an equal and consecutive 60-180 months for the deadly weapon enhancement; on Count II, 60-180 months imprisonment plus an equal and consecutive 60-180 months for the deadly weapon enhancement. Count II runs concurrently to Count I. (Exhibit 6). Petitioner did not file a direct appeal.

On May 28, 2008, petitioner filed a motion to reduce, correct, or set aside an illegal sentence, in which he alleged that: (1) trial counsel was ineffective because he coerced his plea with false promises and did not consult with him regarding his right to appeal; (2) his plea was not knowingly and intelligently entered; (3) the plea agreement required him to admit to using a weapon when a weapon was not found and it was not proven that he possessed a weapon; (4) he did not waive his *Apprendi* or *Blakely* rights nor did he admit to the fact (of a weapon) used to enhance his robbery sentence. (Exhibit 8). On June 17, 2008, the State filed its opposition. (Exhibit 9). An evidentiary hearing was held on October 20, 2008. (Exhibit 10). On November 18, 2008, the state district court entered its findings of fact, conclusions of law, and order denying the motion to reduce, correct, or set aside an illegal sentence. (Exhibit 11). The court found that petitioner received effective assistance of counsel, that he failed to show in any way that he was prejudiced by his counsel's representation, that counsel's representation did not fall below an objective level of reasonableness, that he failed to meet his burden under either prong of *Strickland*, that he failed to establish that he requested trial counsel Hart to file an appeal, that Mr. Hart's testimony was more credible than petitioner's, that any discussion between Mr. Hart and petitioner was long after sentencing and not within the 30 days of the filing of the judgment of conviction, and that petitioner was not denied a direct appeal. (*Id.*).

On April 28, 2010, petitioner filed a motion to withdraw plea, which the State opposed. (Exhibits 12 & 13). The state district court denied petitioner's motion by order filed May 26, 2010. (Exhibit 14).

On November 21, 2011, petitioner filed a post-conviction habeas petition and supporting memorandum in the state district court. (Exhibits 15 &16). Petitioner raised the following claims: (1) counsel failed to file a direct appeal on his behalf; (2) trial counsel failed to conduct proper investigation into the facts surrounding his case and therefore coerced him into taking a plea deal without knowingly and intelligently understanding the consequences of the plea; (3) trial counsel failed to investigate and correct the false information in the presentence investigation report regarding his beating the victim when she never made such a statement to the police or anyone else; and (4) his guilty plea was invalid because he was promised that his sentence would run

concurrently with the sentence he was serving in Utah. (Exhibits 15 & 16). The State responded to the post-conviction habeas petition. (Exhibit 17). The state district court dismissed the post-conviction habeas petition by order filed February 14, 2011. (Exhibit 18). Petitioner appealed from the denial of his post-conviction habeas petition. (Exhibit 19). On November 15, 2012, the Nevada Supreme Court affirmed the district court's dismissal of the post-conviction habeas petition under NRS 34.726, because the petition was filed more than four years after the entry of the judgment of conviction. (Exhibit 21). The Nevada Supreme Court found that petitioner's claim that his counsel failed to inform him of his direct appeal rights did not explain the four-year delay in filing his post-conviction habeas petition. (*Id.*). Remittitur issued on December 12, 2012. (Exhibit 23).

On December 6, 2012, petitioner filed a notice of appeal in the state district court, in an apparent attempt to appeal the Nevada Supreme Court's ruling. (Exhibit 22). The Nevada Supreme Court dismissed the appeal on January 10, 2013. (Exhibit 24). Remittitur issued on February 4, 2013. (Exhibit 25).

On August 27, 2013, petitioner dispatched his federal habeas corpus petition to this Court. (Dkt. # 4, Petition, at p. 1). On January 21, 2014, respondents filed a motion to dismiss the petition. (Dkt. #8). Petitioner filed a document on March 3, 2014, indicating that he did not receive a copy of respondents' motion to dismiss. (Dkt. #11). Respondents served the motion on petitioner by mail on March 4, 2014, as stated in their filing of March 7, 2014. (Dkt. #12). On April 3, 2014, petitioner filed a motion to extend his time to file a response to the motion to dismiss. (Dkt. #13). On April 29, 2014, petitioner filed his response to the motion to dismiss. (Dkt. #14). As such, petitioner's motion for an extension of time to file a response to the motion to dismiss is granted, *nunc pro tunc*, to the date that petitioner's response was filed on April 29, 2014.

**II. Respondents' Motion to Dismiss**

Respondents argue that the federal petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

-4-

1    In the present case, petitioner's judgment of conviction was entered on April 20, 2007.
2 (Exhibit 6). Petitioner did not file a direct appeal. Therefore, his conviction became final 30 days
3 later, on May 21, 2007, when the time to file a direct appeal expired. 28 U.S.C. § 2244(d)(1)(A);
4 Nev. R. App. P. 4(b) ("the notice of appeal by a defendant or petitioner in a criminal case shall be
5 filed with the district court clerk within 30 days after the judgment"); *Wixom v. Washington*, 264
6 F.3d 894, 897 (9th Cir. 2001). Petitioner then had one year, or until May 21, 2008, to file a timely
7 federal habeas petition. 28 U.S.C. § 2244(d).
8    On May 28, 2008, petitioner filed a motion to correct, reduce, or set aside an illegal sentence.
9 (Exhibit 8). The state district court denied petitioner's motion on November 18, 2008. (Exhibit 11).
10 Petitioner did not appeal the denial of his motion.
11    On April 28, 2010, petitioner filed a motion to withdraw plea, which the state district court
12 denied on May 26, 2010. (Exhibits 12, 14). Petitioner did not appeal the denial of his motion.
13    Petitioner filed his state post-conviction habeas petition on November 21, 2011. (Exhibit
14 15). The state district court dismissed the petition. (Exhibit 18). Petitioner appealed. (Exhibit 19).
15 On November 15, 2012, the Nevada Supreme Court held that petitioner's state habeas petition was
16 untimely pursuant to NRS 34.726. (Exhibit 21).
17    Neither petitioner's motions nor his post-conviction state habeas petition tolled the statute
18 of limitations. While a properly filed state post-conviction petition tolls the statute of limitations, a
19 state post-conviction petition that violates the state statute of limitations is not "properly filed" for
20 purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). Thus,
21 petitioner's state post-conviction habeas petition was not a "properly filed application" that would
22 toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). Moreover, an application for
23 state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it
24 after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th
25 Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, the time periods in which
26 petitioner's motion to correct, reduce or set aside an illegal sentence, motion to withdraw plea, and
27 post-conviction habeas petition were pending in the state courts are not entitled to statutory tolling.
28

1    Petitioner dispatched the federal habeas petition on August 27, 2013. (Dkt. # 4, at p. 1).
2 Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it
3 was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner
4 filed his federal habeas petition more than five years after the expiration of the AEDPA statute of
5 limitations. The federal habeas petition is untimely and must be dismissed, unless petitioner is
6 entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

7    The United States Supreme Court has held that the AEDPA's statute of limitations "is
8 subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).
9 The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1)
10 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
11 his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544
12 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to
13 equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A]
14 petitioner must show that his untimeliness was caused by an external impediment and not by his own
15 lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner
16 "must show that some 'external force' caused his untimeliness, rather than mere 'oversight,
17 miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting
18 *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). A *pro se* petitioner's lack of
19 legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling.
20 *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In his response to the motion to dismiss,
21 petitioner has failed to make any showing that he pursued his rights diligently and that any
22 extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not
23 entitled to equitable tolling. The federal habeas petition must be dismissed as untimely.

24 **III. Certificate of Appealability**

25    District courts are required to rule on the certificate of appealability in the order disposing of
26 a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and
27 request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal,
28 petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th

Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for an extension of time (Dkt. #13) to respond to the motion to dismiss is **GRANTED NUNC PRO TUNC** to the date of the filing of petitioner's response on April 29, 2014.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (Dkt. #8) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated: June 23, 2014.

_____
UNITED STATES DISTRICT JUDGE